[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2006
THOMAS K. KAHN
CLERK

No. 06-11613
Non-Argument Calendar

_____

BIA No. A79-453-547

DEDE LUSHAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 29, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Dede Lushaj, a citizen of Kosovo and an ethnic Albanian Christian, through counsel, petitions for review of the Board of Immigration Appeal's ("BIA") decision denying his motion to reopen his proceedings regarding his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). Lushaj arrived in the United States under the visa waiver program and was referred to the Immigration Judge ("IJ") for asylum-only proceedings. Lushaj filed an application for asylum, withholding of removal, and relief under CAT, alleging that he was persecuted by Serbians in Kosovo on account of his Albanian ethnicity and Catholic faith. Lushaj testified that he fled Kosovo and relocated to Germany after he was detained and beaten twice by security officials in 1991. Lushaj lived in Germany for nine years, but, when his asylum application was denied there, he returned to Kosovo. Lushaj testified that he came to the United States to seek asylum due to religious conflict within the ethnic Albanian community.

The IJ denied Lushaj's application for asylum, finding that Lushaj did not establish a well-founded fear of future persecution because there was a significant change in country conditions in Kosovo, as the Serbs no longer controlled Kosovo. Lushaj appealed the IJ's decision to the BIA, which affirmed the IJ's decision without opinion. Lushaj subsequently filed the instant motion to reopen/reconsider, alleging that conditions have changed in Kosovo because Serbs

have been the frequent targets of violence. Lushaj attached to his motion two news articles stating that (1) several Serbs were killed in Kosovo in 2005; (2) Serb leaders blamed ethnic Albanian extremists; and (3) the identity of the killers was unknown. The BIA denied Lushaj's motion to reopen, stating, in relevant part, that: "the applicant has not met the heavy evidentiary burden governing his renewed requests for relief. See . . . 8 C.F.R. § 1003.2(c)(1)(2005). With the motion, the applicant has forwarded copies of two recent periodical articles, which contain general background information and are not highly probative of his claims."

On appeal, Lushaj argues that the BIA abused its discretion in finding that current conditions in Kosovo do not merit reopening his case because the BIA did not address the news articles that he submitted with his motion and did not give a reason for its decision.[1] We review the BIA's denial of a motion to reopen for an abuse of discretion. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). "Judicial review of denials of discretionary relief incident to deportation proceedings, including motions to reopen, is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of

---

[1]Lushaj does not challenge the BIA's denial of his motion to reconsider. Therefore, he has abandoned this issue on appeal. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues not argued on appeal are deemed abandoned).

3

exercise has been arbitrary or capricious.'" See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985).

"[T]here are at least three independent grounds upon which the [BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Al Najjar, 257 F.3d at 1302.

A motion to reopen to apply or reapply for asylum shall state "new facts" that would be proven at a new hearing, but "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1), (c)(3)(ii).

An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason that he or she will be singled out for persecution on account of" the statutorily listed factor. Sepulveda v. U.S. Att'y. Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotation omitted). Alternatively, an applicant can also establish a well-founded fear of persecution, without showing that he would be singled out for persecution, if the applicant establishes that there is a pattern or practice of persecution of persons similarly

4

situated to the applicant on account of their race, religion, nationality, membership in a particular social group or political opinion. 8 C.F.R. § 208.13(b)(2)(iii).

The BIA did not abuse its discretion by denying Lushaj's motion to reopen because the documentary evidence presented in support of his motion did not establish a material change in country conditions in Kosovo. Although Lushaj relied on the ground that changed country conditions in Kosovo now make him eligible for asylum and withholding of removal, the articles are not probative of his claims because they show no incidents of violence against ethnic Albanian Christians. Instead, the articles reveal that ethnic Albanian extremists have targeted Serbs, but it was unknown who killed the individuals mentioned in the articles.

The articles do not indicate that violence between Serbs and ethnic Albanians in Kosovo has increased or that ethnic Albanian Catholics have been persecuted. The articles do not establish that Lushaj has a well-founded fear of persecution because there is no evidence of a pattern or practice of persecution of ethnic Albanians in Kosovo, and the articles do not indicate that Lushaj would be singled out for persecution on account of a statutorily protected ground. See 8 C.F.R. § 208.13(b)(2)(iii); Sepulveda, 401 F.3d at 1231. In sum, the articles do not support Lushaj's fear of returning to Kosovo, and, therefore, the BIA's finding that the articles were not highly probative of his claims was not an abuse of discretion.

5

Moreover, Lushaj's claim that the BIA did not address the country conditions evidence or provide a reason for its decision is without merit because (1) the BIA specifically noted that Lushaj had submitted two articles but found that Lushaj did not meet his evidentiary burden because the articles were not probative of his claims; and (2) the BIA referenced 8 C.F.R. § 1003.2(c)(1), which states that a motion to reopen shall not be granted unless the evidence sought to be offered is material. Accordingly, the BIA did not abuse its discretion by denying Lushaj's motion to reopen, and we deny his petition as to this claim.

Lushaj also argues that the BIA should have reopened his case sua sponte based on exceptional circumstances and humanitarian grounds because he was beaten twice by police officers within a two-month period.

We are obligated to inquire into subject-matter jurisdiction whenever it may be lacking. Chacon-Botero v. United States Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005). We review de novo whether we have subject-matter jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

> The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision . . . The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

8 C.F.R. § 1003.2(a).

6

We have held that 8 C.F.R. § 3.2(a), which is the predecessor to 8 C.F.R. § 1003.2, "reposes very broad discretion in the BIA 'to reopen or reconsider' any motion it has rendered at any time or, on the other hand, '[to] deny a motion to reopen.'" Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (construing 8 C.F.R. § 3.2, which is substantively identical to 8 C.F.R. § 1003.2). We explained further that:

> The discretion accorded in this provision is so wide that 'even if the party moving has made out a prima facie case for relief,' the BIA can deny a motion to reopen a deportation order. No language in the provision requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit. Federal circuit courts consistently have interpreted the provision in this way. They have read 8 C.F.R. § 3.2(a) to give the BIA the discretion to reopen immigration proceedings in situations where federal courts lack the legal authority to mandate reopening.

Id. We ultimately held that "[i]n short, the provision gives the BIA non-reviewable discretion." Id.

In the instant case, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to grant Lushaj's motion to reopen because that decision is committed to the discretion of the BIA.[2] See Anin, 188 F.3d at 1279.

---

[2]Even if we had jurisdiction to review the BIA's unstated decision to invoke its sua sponte authority, Lushaj has not established that the BIA abused its discretion because the documentary evidence he submitted with his motion to reopen does not show that he has a well-founded fear of persecution, and the two beatings he received in Kosovo, which did not result in serious injuries, do not constitute exceptional circumstances warranting a grant of asylum.

Accordingly, we dismiss Lushaj's petition with respect to his claim that the BIA should have exercised its <u>sua</u> <u>sponte</u> authority to grant his motion to reopen and deny his petition with respect to his claim that the BIA abused its discretion in denying his motion to reopen.

**DISMISSED IN PART, DENIED IN PART.**